IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDY JUNE ANGELO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-29-E |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

O R D E R

AND NOW, this 15th day of February, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and her claim for supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§ 1381 *et seq.,* finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.   *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court

may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff has argued that the Administrative Law Judge's ("ALJ") decision is not supported by substantial evidence because the ALJ failed to account for the total limiting effects of Plaintiff's severe impairments and her need for an assistive device in the residual functional capacity ("RFC") finding. (Doc. No. 10). As explained herein, the Court disagrees and will affirm the ALJ's non-disability determination.

The Court reviews the ALJ's findings for substantial evidence. *See Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quotation omitted). This Court may not reweigh the evidence or substitute its own findings for the ALJ's findings even when there is evidence in the record to support a "contrary conclusion." *Malloy v. Comm'r*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

The ALJ uses a five-step evaluation to determine disability. 20 CFR §§ 404.1520(a), 416.920(a). Step One requires the ALJ to "consider [the claimant's] work activity" to ensure he or she is not doing "substantial gainful activity." *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At Step Two, the ALJ "consider[s] the medical severity of [the claimant's] impairment(s)." *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). For the inquiry to continue, the ALJ must find that the claimant has at least one "severe medically determinable physical or mental impairment . . . or a combination of impairments[,]" *id.*, that has lasted or is "expected to last for a continuous period of at least 12 months." *Id.* §§ 404.1509, 416.909. A claimant's satisfaction of his or her burden of proof at Step Two leads to Step Three where the ALJ asks whether the claimant's impairments meet or equal the criteria for one of the presumptively disabling impairments listed in the regulations (the "Listings"). *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a Listing is not met, the inquiry continues to Steps Four and Five, which requires an assessment of the claimant's residual functional capacity ("RFC") and a determination as to whether claimant can return to past relevant work or proceed with other work. *Id.* §§ 404.1520(a)(4)(iv)-(v), 416.920(a)(4)(iv)-(v).

Here, the ALJ found at Step One that Plaintiff had not engaged in substantial activity during the relevant period. (R. 31). At Step Two, the ALJ found Plaintiff had the following severe impairments: residual effects from bilateral knee replacements, right foot fusion, left ankle fracture with surgical repair and residual arthritis, left achilles tendon tendinosis, left foot plantar fasciitis, and obesity. (R. 32). At Step Three, the ALJ concluded Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a Listing. (*Id.*). Then, the ALJ formulated

Plaintiff's RFC as follows: "[C]laimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)."   (R. 33).   Applying this RFC, at Step Four, the ALJ found Plaintiff could perform her past relevant work as an energy assistance caseworker.   (R. 36-37).   Accordingly, the ALJ concluded Plaintiff was not disabled during the relevant period.   (R. 37).

Plaintiff argues that the ALJ did not account for the "total limiting effects" of her severe impairments because the ALJ rejected Mary Donikowski, N.P.'s medical opinion. (Doc. No. 10 at 3, 8-10).   Specifically, Plaintiff contends that the ALJ wrongfully rejected this opinion and her own testimony concerning her need for an assistive device and to keep her legs elevated at all times.   (*Id.* at 8-10, 18-22).   As part and parcel of this argument, Plaintiff posits that the Vocational Expert's ("VE") testimony was defective because her RFC is not based on substantial evidence.   (*Id.* at 4).   Plaintiff contends that the ALJ's errors should be viewed in light of the ALJ's heightened duty to her because she was unrepresented at her hearing.   (*Id.* at 1).

Defendant counters that the ALJ correctly found that N.P. Donikowski's opinion was not persuasive because it was rendered too close in time to her knee replacements and Plaintiff had not yet had a chance to heal completely after surgery.   (Doc No. 14 at 21-23).   Defendant also argues that the ALJ's RFC finding did not need to incorporate an assistive device or leg elevation because the record reflects that Plaintiff no longer required an assistive device after healing from her surgeries and none of the physicians indicated the Plaintiff required work restrictions permitting her to elevate her leg at work. (*Id.* at 23-28).

The Court agrees with Defendant and finds that the ALJ's RFC determination is supported by substantial evidence as the ALJ analyzed the entire record and reached logical and reasonable conclusions as to Plaintiff's abilities.   The ALJ began by analyzing Plaintiff's testimony, stating that she experiences knee and ankle pain, that she uses a cane when she walks, and that she spends most of her time seated as walking is painful.   (R. 33).   The ALJ noted that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were inconsistent with her medical records.   (R. 34).   Plaintiff's orthopedic records showed good results from her knee replacement surgeries and that she reported her pain was "1000% better" following her right foot fusion.   (R. 34, 570).   Subsequent surgeries on Plaintiff's knees and ankle also showed great progress.   (R. 34).   Plaintiff's total knee replacement surgeries also resulted in good healing and knee functioning.   (R. 35).   In sum, the ALJ concluded based on all the evidence that Plaintiff's testimony was not credible and that the record did not support Plaintiff's testimony that she cannot walk without the use of a cane and needs to keep her legs elevated.   (R. 35).

3

The ALJ's analysis of N.P. Donikowski's medical opinion is also supported by substantial evidence. The ALJ noted that this consultative examiner evaluated Plaintiff only one month after her left knee replacement. (R. 35). At this time, Plaintiff was using a walker and had significant limitations in range of motion such that N.P. Donikowski opined that Plaintiff was "limited to only one hour of standing/walking with no postural activities or exposure to pulmonary irritants and only occasional reaching, pushing, pulling, and using foot controls." (R. 35-36 (citing Ex. 12F)). The ALJ analyzed this opinion as follows:

> This opinion is not persuasive because it was made so close [to] the claimant's knee replacement before she had a chance to heal completely. Later records from Dr. DeLullo noted no need for any assistive devices, good knee range of motion, and good knee stability along with intact strength and sensation. These findings better reflect the claimant's current functional abilities.

(R. 36). The ALJ's analysis is supported by substantial evidence as he found N.P. Donikowski's opinion "not persuasive" based on the record as a whole. Indeed, an ALJ is permitted to reject a medical opinion so long as he explains his reasons for doing so. *See Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). Furthermore, the ALJ can reject a medical opinion that is inconsistent with the other medical evidence of record. *Id.* at 430. Here, the ALJ evaluated all the evidence and found N.P. Donikowski's opinion was not persuasive with sufficient explanation, including that the opinion was inconsistent with other medical evidence of record. (R. 35-36). Accordingly, the ALJ's analysis of this opinion is supported by substantial evidence.

Additionally, the ALJ's decision to omit an assistive device from Plaintiff's RFC finding is supported by substantial evidence. Plaintiff argues that an assistive device should have been included in her RFC finding and that the ALJ's statement that the medical record provided no evidence of her need for mobility aids during the relevant period was false. (Doc. No. 10 at 20-22). In order for an assistive device to be included in an RFC, the record needs to show that the use was "medically necessary as well as the circumstances under which the device was required." *Fluitt v. Kijakazi*, No. 22-160, 2023 WL 4896486, at *1 n.1 (W.D. Pa. July 31, 2023). Here, Plaintiff provides that she used a cane, but provides no evidence that her use of a cane was medically necessary after she recovered from her surgeries. (*See* Doc. No. 10 at 8, 21). While Plaintiff was previously prescribed a cane, walker, and wheelchair as part of her post-op recovery (R. 308), and the state agency physician noted as such, (R. 130, 135, 157, 162), she does not include these prescriptions in the record and there is no mention that these prescriptions are current such that she continued to require an assistive device past the post-surgical period. Indeed, no physician, even Plaintiff's orthopedic surgeon and podiatrist, noted that Plaintiff required the continued use of an assistive device. Instead, these physicians indicated that Plaintiff healed well after her

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 9) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

s/Alan N. Bloch<br>
United States District Judge

ecf:        Counsel of record

---

surgeries.  (R. 34-35, 362, 565, 570, 1104, 1096-97, 1127-28, 1204-05).  This is similar to a case in which the court found no basis for including the use of an assistive device in a claimant's RFC.  *See Drowell v. Berryhill*, No. 17-795, 2018 WL 3574890, at *2 (W.D. Pa. July 25, 2018) (citing *Howze v, Barnhart*, 53 Fed. Appx. 218 (3d Cir. 2002)) (finding that the ALJ did not err in failing to account for claimant's use of a cane in fixing the RFC where there were multiple references to the fact that claimant used a cane but no evidence of its medical necessity).  *Cf.* S.S.R. 96-9p, 1996 WL 374185 (S.S.A.), at *7 (applying this same standard in regard to sedentary work).  Similarly,, the ALJ's RFC finding here is supported by substantial evidence.

      Regardless, even if the ALJ did err in analyzing Plaintiff's use of an assistive device by stating "[Plaintiff's] medical records make no mention of using a cane or other assistive device at all[,]" this was, at best, harmless error, as the ALJ's decision shows that he had knowledge of Plaintiff's temporary use of an assistive device.  (R. 35).  "An error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is also 'no set of facts' upon which the appellant could recover."  *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting *Renchenski v. Williams*, 622 F.3d 315, 341 (3d Cir. 2010)).  *See also Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) (holding that remand is not necessary where the error would not impact the outcome of the case).  In his opinion, the ALJ acknowledged Plaintiff's use of a cane, stating, "[s]he reported that she uses a cane when she walks and that she spends most of her time seated because standing and walking increase her pain and swelling."  (R. 33).  The ALJ also noted that Plaintiff "was using a walker" during her consultative physical examination with N.P. Donikowski.  (R. 35).  Additionally, the ALJ heard testimony from Plaintiff that she uses a McDavid, a laced-up brace, for her ankles, and a cane.  (R. 66-67).  Despite this evidence, the ALJ concluded that Plaintiff did not require an assistive device in her RFC based on the record, which showed no medical necessity existed for an assistive device to be included in the RFC.  (R. 35).  Plaintiff points to no prescription within the record for continued use of an assistive device and only points to N.P. Donikowski's opinion in support of her need for such devices.  (Doc. No. 10 at 20-22).  Such evidence does not change the outcome in this case and the ALJ's statement is therefore, at best, harmless error.

      For these reasons, the Court affirms the decision of the ALJ.